**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim D Abramson,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-19-00362-TUC-RM (DTF)<br><br>**ORDER** |

On November 30, 2020, this Court reversed the final decision of the Commissioner of Social Security and remanded to the agency. (Doc. 22.) Currently pending before the Court is Plaintiff's Motion for Attorney Fees. (Doc. 24; *see also* Doc. 25.) Defendant filed a Response (Doc. 26), and Plaintiff filed a Reply (Doc. 27). For the following reasons, the Motion for Attorney Fees will be partially granted.

**I.    Applicable Law**

Under the Equal Access to Justice Act ("EAJA"), the Court shall award reasonable attorney fees to the prevailing party in a proceeding for judicial review of agency action brought against an official of the United States acting in his or her official capacity "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also id.* § 2412(d)(2)(A), (C). The position of the United States includes not only the position taken in the civil action but also "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). Defendant bears the burden of persuasion to

show that his position was substantially justified. *See Scarborough v. Prinicipi*, 541 U.S. 401, 414-15 (2004).

Attorney fees under the EAJA "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Considering cost-of-living increases, the hourly EAJA rate for 2019 is $205.25 and the hourly rate for 2020 is $207.78. *See* https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited June 1, 2021).

"The prevailing party has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013); *see also* 28 U.S.C. § 2412(d)(1)(B) (Plaintiff must support fee request with itemized statement of "the actual time expended and the rate at which fees and other expenses were computed"). "Ultimately, a reasonable number of hours equals the number of hours which could reasonably have been billed to a private client." *Gonzalez*, 729 F.3d at 1202 (internal quotation and alteration marks omitted). The Court "should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). Nevertheless, the Court may conduct an "hour-by-hour analysis of the fee request" to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Gonzalez*, 729 F.3d at 1203 (internal quotation marks omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The Court may award reasonable attorney's fees incurred during fee litigation. *See McKenzie v. Colvin*, No. CV 11-784-TUC-FRZ, 2014 WL 7335918, at *1 (D. Ariz. Dec. 22, 2014).

. . . .

. . . .

## II. Discussion

Plaintiff asks the Court to award her $13,476.32 in attorney's fees (Docs. 24, 25), in addition to $623.34 for the time counsel spent on the fee litigation (Doc. 27), for a total award of $14,099.66. In support of this requested award, Plaintiff submits the time records of attorneys Blair Ariel Feldman (Doc. 25-2) and Eric Schnaufer (Doc. 25-3), as well as a supplemental time record and affidavit of Mr. Schnaufer (Doc. 27-2).

Defendant concedes that Plaintiff is entitled to attorney's fees under the EAJA and does not challenge the reasonableness of Plaintiff's counsel's requested hourly rate. (*See* Doc. 26 at 2.) However, Defendant argues that the requested fee award should be reduced to $10,673.82 because Plaintiff's counsel billed for excessive hours. (*Id.*) Specifically, Defendant argues that, given counsel's experience in social security litigation and familiarity with the case, it was unreasonable for counsel to expend 10.8 hours drafting Plaintiff's Reply brief and 11.3 hours drafting her Reply to Defendant's Objections to the magistrate judge's Report and Recommendation. (*Id.* at 3-4.) Defendant also challenges whether Plaintiff's counsel truly spent 10.8 hours in one day drafting the Reply brief and 11.3 hours in one day drafting the Reply to Defendant's Objections, arguing that those daily hours are "excessive" and "cast doubt on the accuracy of the time requested." (*Id.* at 4.) Defendant accordingly requests a reduction of 6 hours for the Reply brief and 5 hours for the Reply to Defendant's Objections. (*Id.*) Defendant also requests a reduction of 2.5 hours for "vague entries" related to client emails. (*Id.*)

Plaintiff is the prevailing party and is entitled to attorney fees pursuant to 28 U.S.C. § 2412(d), as Defendant's position was not substantially justified and there are no special circumstances that would make an award unjust. The Court rejects Defendant's contention that Plaintiff's counsel spent excessive hours drafting Plaintiff's Reply brief and her Reply to Defendant's Objections to the Report and Recommendation. The Court finds that the hours expended on those briefs fall squarely within the range that "could reasonably have been billed to a private client." *See Gonzalez*, 729 F.3d at 1202. The

Court accepts the averment of attorney Eric Schnaufer that he regularly works ten to fourteen hours in a single day and that he indeed worked 10.8 hours in a single day on the Reply brief and 11.3 hours in a single day on the Reply to Objections. (*See* Doc. 27-2.) The Court further finds that Plaintiff's request for 3 hours expended by attorney Schnaufer on the fee litigation is reasonable. Accordingly, the Court will award $6,465.38 for hours billed by attorney Schnaufer in 2019 (31.5 x $205.25) and $6,191.84 (29.8 x $207.78) for hours billed by attorney Schnaufer in 2020 and 2021.[1]

The Court agrees with Defendant that attorney Blair Feldman's time records are insufficiently detailed with respect to entries relating to emails to the client. (Doc. 25-2; *see also* Doc. 26 at 4.) Plaintiff argues in reply that all but one of the client emails in attorney Feldman's time records "correspond to litigation events." (Doc. 27 at 2-3.) The Court will eliminate 0.25 hours for the March 25, 2020 email for which no further explanation or corresponding litigation event has been provided. The Court will also impose a 20% across-the-board reduction of the hours billed by attorney Feldman for client emails, as it appears that attorney Feldman billed for those emails in quarter-hour increments even though the emails "likely took a fraction" of the billed time. *See Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 949 (9th Cir. 2007) (affirming 20% across-the-board reduction because counsel billed in quarter-hour increments for phone calls and emails).

Based on the above, the hours reasonably expended by attorney Feldman are calculated as follows:
```
Uncontested 2019 entries: 4.75-1.25=3.5
Uncontested 2020 entries: 2.25-1.25=1
2019 emails corresponding to litigation events, reduced by 20%: 1
2020 emails corresponding to litigation events, reduced by 20%: 0.8
Total reasonable 2019 hours: 4.5
Total reasonable 2020 hours: 1.8
```
Accordingly, the Court will award $923.63 (4.5 x $205.25) for hours billed by attorney Feldman in 2019 and $374.00 (1.8 x $207.78) for hours billed by attorney Feldman in 2020.

. . . .

---

[1] Attorney Schnaufer billed at the 2020 statutory rate for hours expended in 2021. (Doc. 25 at 6.)

**IT IS ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 24) is **partially granted**, as follows: Defendant shall pay $13,954.85 in attorneys' fees to Plaintiff pursuant to the EAJA, 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that if, after receiving the Court's EAJA fee order, Defendant determines upon effectuation of the Court's EAJA fee order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, the fees will be made payable to Plaintiff's attorney, Blair Ariel Feldman. However, if there is a debt owed that is subject to offset under the Treasury Offset Program, the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney, Blair Ariel Feldman.

Dated this 1st day of June, 2021.

Honorable Rosemary Márquez
United States District Judge